UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────

CHRISTOPHER KENNEDY,

          Plaintiff,

      v.                                                  Case No. 23-cv-1299-bhl

SOPHIA CHAVEZ,
BJE WALLIS,
JAMES AMENT, and
SGT CHILICKI,

          Defendants.

───────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────

Plaintiff Christopher Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Kennedy's motions for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Kennedy has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Kennedy has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $30.75. Kennedy's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Kennedy, Defendants, who are New Berlin Police Department Officers, detained him just before noon on August 9, 2021. He states that at 12:10 p.m. he was handcuffed and advised that he would need to complete a field sobriety test. Kennedy explains that Defendant Sophia Chavez removed the restraints and observed that he had an abscess on his arm. Kennedy asserts that his arm was red, and the abscess was filled with pus; he states it was obvious he had a blood infection. Kennedy explains that about twenty minutes later, he was again handcuffed behind his back. He states that he lost circulation and experienced numbness, stiffness, bruising, and cuts to his wrists and arms. He also asserts that he experienced nerve damage, blood clots, and circulatory damage. Dkt. No. 1 at 2-3.

According to Kennedy, Chavez observed him slipping in and out of consciousness, but she did not transport him to the nearest hospital; instead, she transported him to "WMH," where he was evaluated. Kennedy asserts that a doctor determined he needed emergency surgery. Kennedy asserts that he declined to speak with the officers, but Chavez and Defendant BJE Wallis persisted with questioning him in the emergency room. Dkt. No. 1 at 3-4.

## THE COURT'S ANALYSIS

Kennedy asserts, in part, that Defendants violated his Fourth Amendment rights when they failed to obtain immediate medical care for him and handcuffed him behind his back despite the abscess on his arm. The Fourth Amendment objective reasonableness standard applies to medical care claims raised by "a person under arrest who has not yet had a judicial determination of probable cause." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 503 (7th Cir. 2010). As the

3

Seventh Circuit has explained, the Court generally considers four criteria when determining whether officers responded reasonably to a detainee's need for medical care: "(1) the officer's notice of the detainee's need for medical attention; (2) the seriousness of the need; (3) the nature or scope of the required treatment; and (4) any countervailing police interests, *e.g.*, the need to prevent the destruction of evidence, or other similar law-enforcement interest." *Id.* (citations omitted).

Considering the relevant legal standard, the Court cannot reasonably infer that Defendants' response to Kennedy's abscess was objectively unreasonable. The abscess did not spontaneously appear when the officers detained Kennedy; he had to have been dealing with the worsening infection for some time before encountering them. So, while apparently serious, the infected abscess did not require emergency care, as demonstrated by the fact that Kennedy himself had not sought medical care. Further, Kennedy alleges that less than an hour passed between Defendants detaining him and Chavez transporting him to the hospital. During that interval, Defendants administered a sobriety test in furtherance of a law-enforcement interest. Given the nature of Kennedy's injury and the reason for the delay, the Court cannot reasonably infer that the short delay Kennedy experienced in getting medical treatment was objectively unreasonable. As the appellate court has observed, "[t]he Fourth Amendment requires reasonableness, not immediacy." *Sallenger*, 630 F.3d at 504.

Nor can the Court infer that handcuffing Kennedy behind his back was objectively unreasonable. Suspects are routinely handcuffed behind their backs to keep officers safe. Kennedy alleges that he was in a lot of pain and lost circulation in his arm, but he does not allege that he informed any of the officers of what he was experiencing or that he complained that the handcuffs were too tight. Defendants are not expected to respond to circumstances that they do not know

4

about. And, in any event, it is not objectively unreasonable for officers to prioritize their safety above a suspect's comfort. Kennedy also alleges he was passing in and out of consciousness, but he also states that he had just failed a sobriety test. In any event, Chavez was transporting Kennedy to the emergency room, which was a reasonable response to Kennedy's lightheadedness and infection.

Finally, Kennedy asserts that officers violated his rights under the Health Insurance Portability and Accountability Act (HIPPA) when they questioned him in the emergency room. HIPPA protects a person's health information; it does not prevent officers from questioning suspects in a health care environment. And, even if officers were questioning Kennedy about his health information, such a claim is not cognizable because HIPPA does not furnish a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Kennedy believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **December 1, 2023**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Kennedy's failure to state a claim in his original complaint. If Kennedy does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Kennedy's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and his second motion for leave to proceed *in forma pauperis* (Dkt No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **December 1, 2023**, Kennedy may file an amended complaint if he believes he can cure the deficiencies in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this action based on the complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Kennedy a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Kennedy shall collect from his institution trust account the $319.25 balance of the filing fee by collecting monthly payments from Kennedy's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Kennedy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Kennedy's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Kennedy is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

6

Case 2:23-cv-01299-BHL    Filed 11/03/23    Page 6 of 7    Document 9

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Kennedy is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 3, 2023.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge